LESLIE H. GEORGE, complainant,

*v.*

ANNA B. IVERSON et vir., defendants.

[Submitted June 2d, 1924.   Determined June 5th, 1924.]

**Mortgages—Foreclosure—For Purchase-Money—Defense That Property Was Not as Represented—Counter-claim—Answer Allowed to Stand.**

On bill to foreclose mortgage.   Hearing on motion to strike out answer and counter-claim.

*Messrs. Powell & Erickson,* for the motion.

*Messrs. Leap, Sharpless & Way,* opposed.

LEAMING, V. C.

The bill filed herein seeks the foreclosure of a mortgage made by defendants to complainant.   The bill is silent touching the origin of the mortgage except as to an averment that it was given to secure an indebtedness from defendants to complainant.

Defendants have filed an amended answer and counter-claim.   Complainant now moves to strike out the answer on the ground that it sets forth no defense, and also moves to strike out the counter-claim on the ground that it is frivolous and sets forth no facts adequate to support a counter claim.

## The Answer.

The motion is to strike out the entire answer.   Obviously, it cannot prevail, since the answer to the first four and the sixth and seventh paragraphs of the bill are unobjectionable.

But since it is apparent that the aim of complainant is to test the sufficiency of the fifth paragraph of the answer and the affirmative defense, embodied in the answer, which is, essentially a repetition of the fifth paragraph of the answer, the sufficiency of these averments will be here considered.

The answer discloses that the mortgage sought to be foreclosed is a purchase-money mortgage; that on April 8th, 1922, defendant Ann M. Iverson purchased from complainant a certain tract of land and received from complainant a deed of conveyance in which the property so purchased was attempted to be described, and on that date defendants executed to complainant the mortgage now sought to be foreclosed to secure the payment of a part of the purchase price. It does not appear whether the mortgage contains the same description of the land as that contained in the deed, but that fact was assumed at the argument. Nor does it anywhere appear whether the deed of conveyance contains any covenants; at the argument it was assumed that the deed was of general warranty. The further averments of the answer disclose that the controversy arises from the fact that the beginning point of the description of the land contained in the deed of conveyance to defendants is described as the intersection of the Sea Shore road, which road forms the frontage of the tract conveyed, with the right of way of a certain railroad; the description then follows the Sea Shore road nine hundred and sixty-five feet, more or less, to a point one hundred feet distant from a certain creek; the second course parallels that creek one hundred feet therefrom, one thousand three hundred and fifty feet, more or less, to a point intersecting the line of the right of way of said railroad; the third course follows the line of that right of way by a curve to the right one thousand nine hundred and fifty feet, more or less, to the place of beginning, "said plot containing nineteen and forty-eight hundredths acres." The answer further avers that at the time of the sale complainant represented to defendants that this railroad right of way was twenty-five feet in width, extending twelve and one-half feet either side of the centre line of the railroad, whereas

defendants have now ascertained that the railroad right of way is in fact fifty feet in width and extends twenty-five feet either side of its centre line. This misrepresentation, if made, obviously, had the effect of shortening defendants' frontage on the Sea Shore road twelve and one-half feet and reducing it from the nine hundred and sixty-five feet frontage, referred to in the deed, to nine hundred and fifty-two and one-half feet; it would also reduce the acreage by eliminating twelve and one-half feet on two sides of the triangular tract conveyed, since the first course must stop at a point one hundred feet from the creek. The answer further avers that complainant represented that the buildings were not on the railroad right of way, but were located upon the lot to be conveyed by the description used in the deed and mortgage, whereas the effect of the beginning point, as described in the deed being twelve and one-half feet southwesterly of the point where complainant represented it to be, is to leave eight feet of the house on the railroad right of way. Defendants claim by this answer to be entitled to a deduction from the mortgage debt by reason of receiving less land than bargained for and attempted to be conveyed.

I think this answer sufficient. If, in fact, complainant represented to defendants that the railroad right of way extended but twelve and one-half feet either side of its centre line, and represented that the buildings were on the tract sold, that representation must be regarded as a representation of a physical fact on which defendants were privileged to rely. It is a representation of fact touching the physical location on the ground of complainant's boundary line, and cannot be classed as in the nature of a representation that complainant has a good title, which latter class of representations are regarded as merged in covenants of title finally exacted in the deed of conveyance. Covenants in the deed of conveyance warranting title in complainant would not, in such case, be available to defendant, since complainant enjoyed title to the land as it was described in the deed of conveyance.

### The Counter-Claim.

The counter-claim is essentially a restatement of the averments contained in the answer to which is added an averment that defendants have expended certain money for repairs to the building. Prayers are appended to the counter-claim asking for credits for these expenditures and also for shortage in acreage by reason of the misrepresentations

If the averments of the counter-claim are true, I think it fully adequate to support the prayer for credit for shortage in acreage. Whether sufficient to sustain a credit for expenditures on the house need not be considered, since the motion is against the entire counter-claim, and is not effective as to its prayers in any event.

Complainant's motions will be denied.